UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**CRYSTAL VARNEY**, *Individually and as Mother and Natural Guardian of R.S., a minor*,

        **Plaintiff,**

 vs.

                **1:19-CV-1107
                (MAD/DJS)**

**UNITED STATES OF AMERICA**, *by and through its officers, agents and/or employees,* and **GLENS FALLS HOSPITAL**, *by and through its officers, agents and/or employees*,

        **Defendants.**

---

**APPEARANCES:**             **OF COUNSEL:**

**CRYSTAL VARNEY**
37 Mountain Estates Road
P.O. Box 442
North Creek, New York 12853
Plaintiff, *pro se*

**OFFICE OF THE UNITED**        **CATHLEEN B. CLARK, AUSA**
**STATES ATTORNEY**
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, New York 12207
Attorney for Defendant United States

**MCPHILLIPS, FITZGERALD &**      **COURTNEY M. HASKINS, ESQ.**
**CULLUM, LLP**
288 Glen Street
P.O. Box 299
Glens Falls, New York 12801
Attorneys for Defendant Glens Falls Hospital

**Mae A. D'Agostino, U.S. District Judge:**

1

**DECISION AND ORDER**

Plaintiff, on behalf of herself and her minor child, commenced this action against the United States of America and the Glens Falls Hospital on September 9, 2019. At the time she commenced this action, Plaintiff was represented by the law firm of Bottar Law, PLLC ("Bottar Law"). *See* Dkt. No. 1. In her complaint, Plaintiff alleges that Defendants failed to properly manage her labor induction and timely perform a Cesarean section, causing injury to Plaintiff's child, R.S. *See id.* at ¶¶ 37-38, 61-62.

On November 3, 2020, Plaintiff's counsel filed a motion to withdraw as attorney for Plaintiff. *See* Dkt. No. 26. Magistrate Judge Daniel J. Stewart granted the motion to withdraw in an order on December 9, 2020 and set a forty-five-day deadline for Plaintiff to find new counsel and file a notice of appearance, which Plaintiff did not do. *See* Dkt. Nos. 29, 33. Bottar Law served Plaintiff with a copy of this order. *See* Dkt. No. 30. On January 29, 2021, Defendants filed a joint letter requesting that the case be dismissed for Plaintiff's failure to prosecute, pursuant to Local Rule 41.2(a), which was sent to Plaintiff via certified mail. *See* Dkt. No. 31. In response, Magistrate Judge Stewart ordered Plaintiff and counsel for Defendants to attend a telephone conference on February 24, 2021, to allow Plaintiff to have a final opportunity to appear and be heard. *See* Dkt. No. 32. Plaintiff failed to attend that conference and has since failed to communicate with either the Court or Defendants. *See* Dkt. No. 32; *see also* Text Minute Entry of February 21, 2021.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Rule further provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or

to comply with the procedural rules or orders of the court. *See id.*;[1] *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (upholding the district court's inherent authority to dismiss an action *sua sponte* for failure to prosecute, notwithstanding the language of Rule 41(b), which appears to permit such action only on motion of the defendant). Notwithstanding a plaintiff's *pro se* status, Rule 41(b) gives the district court explicit authority to dismiss a case where the plaintiff fails to comply with the court's orders or otherwise fails to prosecute the action "diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). As explained in *Lyell Theatre*, this authority "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Id.* at 42; *see also Freeman v. Lundrigan*, No. 6:95-CV-1190, 1996 WL 481534, *1 (N.D.N.Y. Aug. 22, 1996).

     A district court considering a Rule 41(b) dismissal must weigh five factors: "'(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted). In general, "no factor is dispositive in determining whether dismissal is warranted." *Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998); *see also Baptiste*, 768 F.3d at 216 (citing *Nita v. Connecticut Dept. of Environmental Protection*, 16 F.3d 482, 485 (2d Cir. 1994)). Dismissal

---

[1] It is well-settled that the term "these rules" in Rule 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

pursuant to Rule 41(b) for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court. *See Link*, 370 U.S. at 633.

With respect to the first factor, this Court's Local Rules provide that a "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a); *see also Holmes v. Johnny G's Rest., Inc.*, No. 1:12-CV-0179, 2014 WL 5323890, *2 (N.D.N.Y. Oct. 17, 2014); *Rodriguez v. Goord*, No. 9:04-CV-0358, 2007 WL 4246443, *2 (N.D.N.Y. Nov. 27, 2007) (noting that Local Rule 41.2 not only recognizes the court's inherent authority to dismiss dormant cases, but "requires that [dismissal] be exercised in appropriate circumstances"); *Kearney v. City of New York*, No. 02 CIV .9741, 2003 WL 22682721, *2 (S.D.N.Y. Nov. 6, 2003) (holding that dismissal was appropriate where four months had elapsed since the plaintiff appeared at a conference and the plaintiff had not taken any affirmative steps to move the case forward).

Here, Plaintiff failed to respond to Magistrate Judge Stewart's order dated December 9, 2020, to inform the Court whether she wished to proceed *pro se* or withdraw her complaint. Plaintiff subsequently failed to attend a telephone conference which she was directed to attend by Magistrate Judge Stewart and further failed to have any further communication with either this Court or Defendants. Plaintiff's failure to take action to prosecute this case has far exceeded four months, which is a presumptive evidence of lack of prosecution. The Court finds that this factor weighs in favor of dismissal.

As to the second factor, Plaintiff was on notice that her inaction could result in dismissal. Magistrate Judge Stewart's order dated December 9, 2020, also directed that the order be sent to Plaintiff via email. Attorney Kristy L. Fischmann of Bottar Law submitted an affidavit on December 16, 2020 showing proof of service of the order on Plaintiff. Dkt. No. 30. Further,

Defendant's January 29, 2021 letter motion to dismiss sent to the Court was also sent to Plaintiff by certified mail and served as a warning that dismissal was warranted given Plaintiff's failure to abide by the Court's December 9, 2020 directive.  *See* Dkt. No. 31.  Finally, Magistrate Judge's text order on February 11, 2021, for Plaintiff to attend a telephone conference scheduled for February 24, 2021, was mailed to the address provided in prior counsel's affidavit and served as additional warning.  *See* Dkt. No. 32.  Plaintiff has failed to respond either to the Court or to Defendants, despite efforts to communicate with her by this Court, her prior counsel, and receipt of Defendant's letter to the Court.  The lack of responsiveness on the part of Plaintiff makes it difficult to know if she understood the risk of dismissal, but she has received communications that served as a warning the case may be dismissed.  This factor supports dismissal.

   The third factor also weighs in favor of dismissal because Defendants are likely to be prejudiced by further delay in proceedings.  Even prior to the withdrawal of Plaintiff's counsel, Plaintiff caused delays in this case by failing to timely respond (or respond at all) to Defendants' written discovery demands and provide requested medical HIPAA authorizations, preventing Defendants from proceeding with depositions.  Dkt. No. 33-6 at 2-3.  Plaintiff has also failed to attend two conferences set by Magistrate Judge Stewart since the withdrawal of her counsel.  *See* Dkt. Nos. 28, 29, 32.  As noted by Defendants, these delays and omissions have caused Defendants to expend unnecessary time and resources to defend an action that Plaintiff is no longer pursuing.  Dkt. No. 33-6 at 8.  The third factor weighs in favor of dismissal.

   As to the fourth factor, the Court's interest in managing its docket outweighs Plaintiff's interest in receiving a fair chance to be heard since Plaintiff has not pursued her chance to be heard.  "[F]airness to other litigants, whether in the same case or merely in the same court (as competitors for scarce judicial resources)" requires, at times, dismissing a "languid litigant of his

right to a trial on the merits." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980). "[E]ven though '[P]laintiff's failure to prosecute in this case was silent and unobtrusive rather than vexatious and burdensome[,]' the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive further extensions and opportunity to be heard." *Casper v. Cooper Lighting LLC*, No. 5:19-CV-00296, 2019 WL 3546841, *2 (N.D.N.Y. Aug. 5, 2019) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)). The fourth factor also weighs in favor of dismissal.

Finally, as to the fifth factor, there is no indication that any lesser sanctions would be effective in having Plaintiff prosecute this case. Under Rule 41(b) "district courts are not required to exhaust possible lesser sanctions before imposing dismissal ... if such a sanction is appropriate on the overall record[.]" *Lewis v. Frayne*, 595 Fed. Appx. 35, 38 (2d Cir. 2014) (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010)). In this case, in light of the overall record, all five factors weigh in favor of dismissal.

Accordingly, the Court hereby

**ORDERS** that that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED** in light of her failure to prosecute this action and comply with orders of the Court; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 26, 2021
      Albany, New York

Mae A. D'Agostino
U.S. District Judge